UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 11-00863 VAP (OPx)                    Date:  June 10, 2011

Title:   LSF7 NPL V TRUST -v- RONALD D. TOWLES, AND DOES 1-5
==============================================================
PRESENT:   HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
| None | None |

PROCEEDINGS:   MINUTE ORDER REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO (IN CHAMBERS)

    On March 21, 2011, Plaintiff LSF7 NPLV Trust ("Plaintiff") filed a complaint for unlawful detainer ("Complaint") against Defendant Ronald Towles ("Defendant") in the Superior Court of California, County of San Bernardino.  (Doc. No. 1 (Not. of Removal) at 8.)  On June 2, 2011, Defendant removed the action on the basis of federal question jurisdiction, 28 U.S.C. § 1331.  (See Not. of Removal at 3.)

    Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman--

Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

Defendant alleges the basis for removal is federal question jurisdiction, 28 U.S.C. § 1331, because the claims "arise under" of federal law. (See Not. of Removal at 3.) From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless basis for federal jurisdiction apparent on the face of the complaint). Accordingly, Defendant has not shown the Court's jurisdiction based on federal question under 28 U.S.C. § 1331.

Defendant has not met his burden of establishing that the case is properly in federal court. Gaus, 980 F.2d at 566. Accordingly, the Court REMANDS the action to the Superior Court of California for the County of San Bernardino.

**IT IS SO ORDERED.**